17940.   TUTEN *v.* THE STATE.

BLOODWORTH, J.   1. In view of the particular facts of this case and of the entire charge of the court, the judge did not err in charging the jury as follows:   "If, however, you should find from the facts and evidence in the case, that the defendant did pick up the whisky, that he did take the whisky into his possessoin, custody and control, took it under such possession and control as to pass it on to another, although the other party only took possession of it for the purpose of taking a drink, I charge you that the party who took the whisky into his possession for the purpose of passing it on to another, if you find that to be the facts in this case, then under the law you will be authorized to find the defendant guilty."   *Barbour* v. *State,* 21 *Ga. App.* 243 (94 S. E. 272); *Brantley* v. *State,* 28 *Ga. App.* 536 (3, 4) (112 S. E. 170).

2. There was some evidence to support the verdict, and the judge did not err in overruling the motion for a new trial.

3. The trial judge did not err in overruling the motion to disqualify himself from passing upon the motion for a new trial.   *Parker* v. *State,* 146 *Ga.* 131 (90 S. E. 859); *Shuford* v. *Shuford,* 141 *Ga.* 407 (3) (81 S. E. 115).   *Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 12, 1927.

Possessing intoxicating liquor; from city court of Baxley—Judge Speer.   December 18, 1926.

*J. B. Moore,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

Criminal Law, 16 C. J. p. 1180, n. 74; p. 1209, n. 7.
Intoxicating Liquors, 33 C. J. p. 761, n. 53; p. 790, n. 35.

---

17941.   THOMAS *v.* THE STATE.

BROYLES, C. J.   The verdict was not authorized by the evidence, and the refusal of the court to grant a new trial was error.

*Judgment reversed.   Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 12, 1927.

Assault and battery; from Wilkes superior court—Judge Perryman.   December 29, 1926.

The indictment charged Solomon Sampson and Florence Thomas with "the offense of misdemeanor," for that they unlawfully made an assault upon Annie Heard and beat and wounded her with a Ford automobile-truck, which was driven by said Florence Thomas by permission of said Solomon Sampson, said Florence Thomas,

Assault and Battery, 5 C. J. p. 788, n. 2.
Criminal Law, 16 C. J. p. 1178, n. 63.

to the knowledge of said Solomon Sampson, being an inexperienced driver, "and said Florence Thomas, with the consent of said Solomon Sampson, did then and there use, drive, and operate said Ford truck, which she was unable to operate and control with safety to pedestrians using the streets, in the City of Washington, to wit on Whitehall street, without regard to the traffic and use of said street by pedestrians, and at a rate of speed calculated to endanger the lives and limbs of persons on said street, and at a greater rate, of speed than ten miles per hour at an intersection of said street called Alabama street, when and whereupon said Florence Thomas, with consent of said Solomon Sampson, did drive said truck against and over said Annie Heard, then and there severely injuring said Annie Heard, and did then and there refuse and fail to render any aid or assistance to said Annie Heard, contrary to the laws of said State," etc.

From the evidence it appears that a Ford truck "that Solomon Sampson drove" and in which he was riding at night with Florence Thomas (a woman) was being driven by Florence Thomas when it struck Annie Heard, who testified: "That truck was running right fast, . . faster than a man could trot; . . it didn't give any signal to turn as I got in the middle of the road. It seems as it was a reckless driver. I was in plain view of that truck when they ran over me. I was going straight up Whitehall and the truck was coming down Whitehall, and as I got out in the middle of the road, . . they cut in on me and the truck knocked me down and hurt me. . . That truck did not slacken speed. . . They kept driving in full speed. . . I could tell from the way they turned that it was an ignorant driver. I was in plain view of them before they cut in on me, and they could have seen me. . . If they had made any signal like they were cutting in, I wouldn't have gone across." When arrested, Florence Thomas, according to the testimony of the arresting officer, said "she didn't know how to drive and was just learning how; she said she saw this woman and she couldn't stop. She said she saw her and forgot how to stop." Viola Shank testified that she herself was on the truck when Annie Heard "got run over. . . She was driving slow, because she didn't know how to drive. She turned the corner slow and was right on Annie before she saw her. . . I was so scared I don't know whether they tried to stop it or not. . . She didn't get any faster."

The defendant, in her statement at the trial, said: "I was so scared I didn't know what to do that night that lady got hurt. She was coming across this way and I was driving the truck as slow as I could, and she looked up and saw the truck, and the left wheel knocked her down, and up a little further Solomon stopped the car for me. When we stopped she got up and went across the street. We stopped and started to come back. She got up, so we went on home."

*Hugh E. Combs*, for plaintiff in error.

*M. L. Fells, solicitor-general*, contra.

---

### 17948.   HIPP *v.* THE STATE.

LUKE, J. This case is here upon the general grounds and upon alleged newly discovered evidence. There is some evidence to authorize the verdict, which is approved by the trial judge, the alleged newly discovered evidence is not such as would likely produce a different result on another hearing of the case, and the trial judge did not err in overruling the motion for a new trial.

    *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

              DECIDED APRIL 12, 1927.

Possessing liquor; from Gilmer superior court—Judge Wood. January 8, 1927.

 *John T. Dorsey*, for plaintiff in error.

*George D. Anderson, solicitor-general*, contra.

---

Criminal Law, 16 C. J. p. 1180, n. 74; p. 1206, n. 95; p. 1217, n. 45; 17 C. J. p. 252, n. 16; p. 271, n. 41.

Intoxicating Liquors, 33 C. J. p. 761, n. 53.

---

### 17954.   HEWETT *v.* THE STATE.

BLOODWORTH, J. 1. No excerpt from the charge of the court of which complaint is made in the motion for a new trial shows error requiring another trial of the case.

2. This court is not called upon to consider the ground of the motion for a new trial based upon alleged newly discovered evidence, since the movant failed to comply with section 6086 of the Civil Code (1910), which

---

Criminal Law, 16 C. J. p. 1230, n. 65, 66, 67, 68, 69; 17 C. J. p. 271, n. 41.

Intoxicating Liquors, 33 C. J. p. 761, n. 53; p. 764, n. 99; p. 790, n. 35.